UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KWAUYSHAUN WILLIAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM GITTERE, et al.,<br><br>        Defendants. | 3:19-CV-0091-MMD-CLB<br><br>**MINUTES OF THE COURT**<br><br>August 26, 2020 |

PRESENT:  THE HONORABLE CARLA BALDWIN, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  _____LISA MANN_____   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    This is a civil rights action brought by *pro se* prisoner plaintiff Kwauyshaun Williams. Plaintiff has moved for appointment of counsel (ECF No. 24).[1]

    A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

    In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

---

[1] Plaintiff has incorrectly used a form for appointment of counsel in a habeas action.

The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 24) is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: _____/s/_____
Deputy Clerk